TORRES, PLAINTIFF AND APPELLANT, *v.* HEIRS OF CÓRDOVA,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action for
Damages for Seduction.

No. 2797.—Decided May 25, 1923.

SEDUCTION—DAMAGES—SURVIVAL OF ACTION—HEIRS.—Section 560 of the pres-
ent Penal Code repealed only so much of the former Penal Code as related
to crimes and not to the civil liability springing therefrom; therefore, ac-
cording to article 123 of the Spanish Code for Cuba and Porto Rico, an
action for damages for seduction survives the seducer and may be brought
against his heirs, or at least against those who accepted the inheritance.

The facts are stated in the opinion.

*Messrs. H. Miranda* and *R. Agrait Aldea* for the appel-
lant.

*Messrs. Largé & Zeno* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant brought suit for damages against a succes-
sion on account of a seduction under promise of marriage
by the ancestor. Judgment on demurrer for defendant.
By virtue of section 667 of the Civil Code the inheritance
includes all the property rights and obligations of a person
which are not extinguished by his death. The particular
question to be determined in this case is whether the cause
of action described in the complaint survived.

In *Zalduondo* v. *Sánchez,* 15 P. R. R. 216; *Guzmán* v.
*Vidal,* 19 P. R. R., 800; *Torres* v. *Ramírez,* 22 P. R. R. 423,
we discussed the origin of the civil liability for delictive
acts in Porto Rico. It was shown that delictive acts in
Spanish times were closely connected with criminal prose-
cutions. Civil liability was governed to a certain extent
by provisions of the Spanish Penal Code and the whole
subject matter is now covered by sections 1056, 1059 and
1803 of our own Civil Code. We held that in estimating
damages the principles followed in Spain and in the United

States in matters of delictive acts or torts were very similar.

To determine the nature of a civil liability due to a penal act, the present Penal Code must be considered as well as the origin of the civil liability in the Spanish Penal Code.

The final paragraph of the existing Penal Code of Porto Rico is as follows:

"Sec. 560. The Penal Code, Royal Decrees, Orders and Military Orders in force in Porto Rico, in so far as the same relate to or refer to crimes and are inconsistent or in conflict herewith, and all other laws, orders, decrees and acts inconsistent or in conflict with this Code, are hereby repealed.

"This Code shall take effect at 12 o'clock noon on the first day of July, nineteen hundred and two."

Section 123 of the Penal Code for Cuba and Porto Rico provided:

"The obligation to restore, compensate for injuries and indemnify for losses passes to the heirs of the person incurring the obligation.

"The cause of action for restoration, compensation and indemnification survives in like manner in the heirs of the victim."

Neither of the parties has discussed the applicability of this section, but we hold that it has not been directly repealed by the final provisions of the Penal Code as copied and repeals by implication are not favored. Specifically, only so much of the old penal code was repealed as related to crimes and not to the civil liability springing therefrom. In other words, as part of the substantive law in force in Porto Rico, the responsibility of the heirs, at least those accepting the inheritance, is the same as that of the ancestor.

Now, as a seduction under promise of marriage is penalized in Porto Rico, a civil liability by reason of the cited sections of the codes also goes with it with all the

consequences. It would make no difference that similar actions did not survive in the United States.

The maxim *actio personalis moritur cum persona* was of very wide application, and by its literal terms would have included even promissory notes. In many jurisdictions the liability, even for torts, has been made more extensive than it was at common law. However, the practices in the various States have no application in Porto Rico where the principle of universal succession, somewhat modified in form, has been accepted. The modification, perhaps, is the benefit of inventory, the right to deliberate and acceptance of the inheritance.

The appellant has pointed out that the maxim cited is of very limited application in Porto Rico and extends only to rights or obligations like usufruct, *patria potestad* and other matters that necessarily perish with the person.

Section 41 of the Code of Civil Procedure is discussed by the parties. It fixes a limitation on the right of action, but otherwise does not aid appellee. It follows:

"Sec. 41.—If a person entitled to bring an action die before the expiration of the term limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives, after the expiration of that time, and within one year from his death. If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

In California it would appear that the liability of defendants is limited to actions that survive, but that limitation, perhaps intentionally, is not copied into our code, which is an additional argument in favor of appellant.

Even if a doubt remained whether any part of the Penal Code of Spain remained in force, nevertheless, with the principle of universal succession prevailing, no action against

a defendant would die unless indicated by the code, and, as we have seen, the common law maxim did not prevail in Spain. The tradition here is distinct.

We have decided that the acceptance of the inheritance is matter of defense. *Amy* v. *Aponte et al.,* 29 P. R. R. 134.

The judgment must be reversed, the demurrer overruled and the defendants permitted to plead within ten days.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.